UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENTON MURPHY,

    Plaintiff,

v.                                      Case No. 13-11795

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                                /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, AND ADOPTING THE MAGISTRATE JUDGE'S "REPORT AND RECOMMENDATION"**

On April 30, 2014, Magistrate Judge David R. Grand issued a Report and Recommendation ("R&R") in the above-captioned matter, recommending that the court: grant Defendant's motion for summary judgment, deny Plaintiff's motion for summary judgment, and affirm the Commissioner of Social Security's decision to deny disability benefits to Plaintiff. On May 14, 2014, Plaintiff filed objections to the R&R. For the reasons discussed below, the court will overrule Plaintiff's objections and adopt the R&R in full.

### I. STANDARD

The filing of timely objections requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This de novo review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be

accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949–50. "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (footnote omitted). Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II. DISCUSSION

### A. Objection # 1

Plaintiff argues that the R&R "incorrectly determined that Dr. Lombardo's[1] opinion was incorporated in the [residual functional capacity.]" (Dkt. # 21, Pg. ID 385.) However, as pointed out by Defendant, Plaintiff raised the same argument before the magistrate judge. The magistrate thoroughly analyzed Dr. Lombardo's opinion, and correctly noted that the Administrative Law Judge ("ALJ") adopted the opinion "almost in its entirety." (Dkt. #20, Pg. ID 379.) He noted several specific instances where the

---

[1]Dr. Lombardo is a psychologist who examined Plaintiff and issued a residual functional capacity assessment.

ALJ's opinion incorporated Dr. Lombardo's opinion "nearly verbatim," and explained that "the ALJ's [residual functional capacity] assessment is even more restrictive than Dr. Lombardo's opinion." (*Id.*, Pg. ID 380–81.)  The court's review of the record yields an identical conclusion; the ALJ comprehensively analyzed Dr. Lombardo's opinion, and incorporated much of it in his residual functional capacity assessment.  Plaintiff's first objection is overruled.

### B.  Objection # 2

Plaintiff also argues that the R&R "incorrectly determined that the omission of Dr. Douglass's[2] opinion from the decision's analysis was harmless error."  (Dkt. # 21, Pg. ID 386.)  Again, Plaintiff raised a similar argument before the magistrate judge, and the magistrate analyzed and rejected it.  The magistrate noted that the ALJ "indicated vaguely that he considered [Dr. Douglass's] opinion evidence in accordance with the requirements of Social Security Ruling 96-6p," but "did not specifically discuss Dr. Douglass's opinion." (Dkt. # 20, Pg. ID 382.)  The magistrate correctly concluded that the ALJ should have explained the weight he gave to Dr. Douglass's opinion.  *See* Soc. Sec. Rul. 96-6p, 1996 WL 374180, at *2 (July 2, 1996).  However, because Dr. Douglass's opinion is significantly in accord with the ALJ's ultimate residual functional capacity determination, the ALJ's error is harmless.  *Wafford v. Astrue*, No. 06-352-JBC, 2008 WL 347688, at *3 (E.D. Ky. Feb. 6, 2008).  Substantial evidence supports the ALJ's residual functional capacity determination, and Plaintiff's second objection is overruled.

---

[2]Dr. Douglass is another psychologist who reviewed Plaintiff's records and completed a residual functional capacity assessment

### III.  CONCLUSION

Because the ALJ's residual functional capacity determination is supported by substantial evidence,

IT IS ORDERED that Plaintiff's objections [Dkt. # 21] are OVERRULED, and the Magistrate Judge's Report and Recommendation [Dkt. # 20] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that the court GRANTS Defendant's motion for summary judgment [Dkt. # 18] and DENIES Plaintiff's motion for summary judgment [Dkt. # 15].  A separate judgment will issue.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  June 6, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 6, 2014, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522